# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LIFELINE ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MARYBEL BATJER, in her official capacity as a commissioner of the California Public Utilities Commission; LIANE M. RANDOLPH, in her official capacity as a commissioner of the California Public Utilities Commission; CLIFFORD RECHTSCHAFFEN, in his official capacity as a commissioner of the California Public Utilities Commission; MARTHA GUZMAN ACEVES, in her official capacity as a commissioner of the California Public Utilities Commission; and GENEVIEVE SHIROMA, in her official capacity as a commissioner of the California Public Utilities Commission,<br><br>    Defendants. | Case No. 3:20-cv-08312-MCC<br><br>[Assigned to Honorable Maxine M. Chesney]<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S ~~NOTICE OF MOTION AND~~ MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Courtroom:   7 (19th Floor)<br><br>Action Filed:  November 24, 2020 |

# [PROPOSED] ORDER

The Court, having considered Plaintiff National Lifeline Association's Motion for Judgment on the Pleadings filed February 1, 2021, as well as the pleadings and papers on file in this action, including the opposition to Motion for Judgment on the Pleadings filed by defendants Marybel Batjer, Liane M. Randolph, Clifford Rechtschaffen, Martha Guzman Aceves, and Genevieve Shiroma, each in his or her official capacity as a commissioner of the California Public Utilities Commission ("Defendants"), hereby **GRANTS** Plaintiff's Motion for Judgment on the Pleadings.

**PURSUANT TO THE GRANTING OF SUCH MOTION AND GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED:**

1. Judgment is entered in favor of Plaintiff and against Defendants;

2. The Free Rate Rule, as defined in the Complaint and set forth in *Decision Establishing Specific Support Amounts and Minimum Serv. Standards for Cal. LifeLine and Authorizing Replacement of Fed. Support for Wireline Participants*, D.20-10-006 (Oct. 8, 2020) (the "Decision"), which Decision is attached as Exhibit A to the Complaint, and which mandates that the Basic Plan and the Standard Plan shall be available to California LifeLine participants at no cost, is preempted by the Communications Act of 1934, 47 U.S.C. § 332(c)(3)(A) and, as such, the Free Rate Rule is null and void against any wireless LifeLine provider;[1]

3. Each and all of the Defendants, and their officers, agents, subordinates, and employees are permanently enjoined from giving effect to or enforcing the Free Rate Rule against any wireless LifeLine provider;

4. The Court hereby issues all permanent relief and process necessary and appropriate to prevent each and all of the Defendants and their officers, agents, subordinates, and employees from taking any action pursuant to Free Rate Rule against any wireless Lifeline service provider.

---

[1] The Court finds unpersuasive Defendants' argument that, in amending 47 U.S.C. § 254 in 1996, Congress intended to repeal in part 47 U.S.C. § 332(c)(3)(A), as, for the reasons stated by Plaintiff, § 332(c)(3)(A) and § 254 are not "in irreconcilable conflict." (See Pl.'s Reply at 14:11-16:24 (citing Watt v. Alaska, 451 U.S. 259, 267 (1981)).

~~5.    The California Public Utilities Commission, its Commissioners, and their officers, agents, subordinates, employees, and all acting in concert with any of the foregoing are hereby permanently enjoined from enacting, proposing to enact, enforcing, or proposing to enforce any rule, action condition, or mandate that regulates any rate charged by wireless service providers.~~

**IT IS SO ORDERED**.

DATED:  May 5, 2021

_____
HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT COURT JUDGE