IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LIFELINE ASSOCIATION,<br>Plaintiff,<br>v.<br>MARYBEL BATJER, et al.,<br>Defendants. | Case No. 20-cv-08312-MMC<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR CLARIFICATION,<br>AMENDMENT, AND STAY** |

Before the Court is defendants Marybel Batjer, Clifford Rechtschaffen, Martha Guzman Aceves, Genevieve Shiroma, and Darcie Houck's (hereinafter, "CPUC Commissioners") "Motion for Clarification or Amendment of Order Issuing Injunction (ECF 34) and Judgment (ECF 35) and Temporary Stay," filed June 2, 2021. Plaintiff National Lifeline Association ("NaLA") has filed opposition, to which CPUC Commissioners have replied.

Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby DENIES the motion, as follows:[1]

1. To the extent CPUC Commissioners seek, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, clarification of the Order Granting Plaintiff's Motion for Judgment on the Pleadings, filed May 5, 2021 ("hereinafter, May 5 Order"), the motion is DENIED. The Court finds, for the reasons stated by NaLA, no clarification is necessary. (See Pl.'s Opp. at 7:6-8:19.)

2. To the extent CPUC Commissioners seek, pursuant to Rule 65(d)(1)(A), modification of the permanent injunction issued in the May 5 Order, in particular, to "state the reasons why [the injunction] is issued" (see Defs.' Mot. at 6:8-9), the motion is DENIED. The Court finds, for the reasons stated by NaLA, no such modification is

---

[1] By order filed July 7, 2021, the Court took the matter under submission.

1    necessary.  (See Pl.'s Opp. at 7:6-8:19, 9:5-7.)

2        3.  To the extent CPUC Commissioners seek, pursuant to Rule 65(d)(1)(C),
clarification of "what action the order prohibits or requires" (see Defs.' Mot. at 7:12-13),
the motion is DENIED.  The Court finds, for the reasons stated by NaLA, no clarification
of the injunction is necessary.  (See Pl.'s Opp. at 10:26-11:37.)  Indeed, CPUC
Commissioners, in a recently adopted Resolution, have essentially acknowledged their
understanding of their obligations thereunder.[2]

        4.  To the extent CPUC Commissioners seek, pursuant to Rule 59(e), amendment
of the Judgment, the motion is DENIED.  The Court finds, for the reasons stated by
NaLA, CPUC Commissioners have failed to show there exists a cognizable ground for
amendment.  (See Pl.s' Opp. at 12:3-13:24.)

        5.  To the extent CPUC Commissioners seek, pursuant to Rule 62(d), a stay of the
injunction, either through November 30, 2021, the last date on which Decision 20-10-006
is effective, or, in the alternative, through a date sufficient to allow them to seek a stay
from the Ninth Circuit, the motion is DENIED, CPUC Commissioners having failed to
show they are "likely to succeed on the merits" and having made no argument, let alone
offered evidence to show, they "will be irreparably injured absent a stay."  See Nken v.
Holder, 556 U.S. 418, 434 (2009) (setting forth "factors" to be considered when appellant
seeks stay pending appeal; noting likelihood of success and irreparable injury are "the
most critical").

        **IT IS SO ORDERED.**

Dated: July 8, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] Subsequent to issuance of the May 5 Order, CPUC Commissioners, on June 3, 2021, adopted Resolution L-611, in which they (1) "conclu[ded]" that, "[p]er the District Court's May 5, 2021 Order, the Commission and its staff are enjoined from implementing or enforcing the $0 co-pay requirements` for Tier 1 (Basic) and Tier 2 (Standard) California Wireless LifeLine Plans authorized in D.20-10-006," and (2) issued their own order consistent therewith. See https://docs.cpuc.ca.gov/PublishedDocs/Published/G000/M385/K985/385985125.PDF.